# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7324 | **DATE** | June 6, 2011 |
| **CASE TITLE** | STAN JAGLA v. ILLINOIS STATE BOARD OF ELECTIONS and STATE OF ILLINOIS | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss [13] is granted.

## STATEMENT

Plaintiff, Stan Jagla, was a Labor Party candidate for the United States Senate. His name, however was not added to the ballot for the November 2, 2010 election. Plaintiff filed an amended complaint against the Illinois State Board of Elections and the State of Illinois alleging violations of the United States Constitution as well as the Illinois Constitution. Plaintiff asks that I direct the Illinois State Board of Elections to hold a new election, placing Plaintiff's name on the ballot. Defendants move to dismiss Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendants' motion to dismiss is granted.

First, Defendants move to dismiss Plaintiff's complaint for lack of jurisdiction. Pursuant to the Eleventh Amendment "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment has traditionally been considered a jurisdictional bar to suit against unconsenting States, unless Congress specifically and clearly legislated to override the Eleventh Amendment. *See Crosetto v. State of Wisconsin*, 12 F.3d 1396, 1400 (7th Cir. 1993). Because the State of Illinois has not consented to jurisdiction in this case, this court lacks jurisdiction to hear Plaintiff's claims as to the State of Illinois.

The Eleventh Amendment also generally "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Peirick v. Indiana Univ.-Perdue Univ. Indianapolis Athletics Dept.*, 510 F.3d 681, 695 (7th Cir. 2007). The Illinois Board of Elections was created by the Illinois Election Code, 10 ILCS 5/1-1 set seq. (West 2009), and is a governmental agency in charge of administering and certifying election results in the state of Illinois. Accordingly, Plaintiff's claim against it is also dismissed because of Eleventh Amendment immunity.

| STATEMENT |
|---|

Defendants also move to dismiss for mootness. A case is moot when it no longer presents a live case or controversy. *See Bd. of Ed. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996). Because the November 2010 election has already taken place, Plaintiff has no controversy. Plaintiff is correct that the passage of an election does not necessarily render an election-related challenge moot. However, to present a live issue, the challenge must fall within the "capable of repetition yet evading review" exception to the mootness doctrine. *Tobin for Gov. v. Il. State Bd. of Elections*, 268 F.3d 517, 527 (7th Cir. 2001). Cases that traditionally fall within this "have involved challenges to the validity of statutory provisions that will continue to operate past the election in question and that will burden future candidates in future elections." *Id*. at 528-29. In such case, the challenge reflects a "continuing controversy"and "[t]he construction of the statute, an understanding of its operation, and possible constitutional limits on its application, will have the effect of simplifying future challenges, thus increasing the likelihood that timely filed cases can be adjudicated before an election is held." *Id*. at 529 (quoting *Scorer v. Brown*, 415 U.S. 724, 737 n. 8 (1974)). Plaintiff's challenge, however, is not a challenge to any specific statutory provision.

Furthermore, the "capable of repetition" exception only applies where "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Tobin*, 268 F.3d at 529 (citing *Il. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 187 (1979) (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). Regardless of whether the first condition can be satisfied, there is no reasonable expectation that Plaintiff will find himself in this same situation in the future. *See Tobin*, 268 F.3d at 529. Because it is "pure speculation" that Plaintiff will be subjected to the same injuries, the "capable of repetition" exception to the mootness doctrine does not apply. *Id*.

Plaintiff argues that Defendants' motion is frivolous and claims that the Supreme Court's ruling in *Bush v. Gore*, 531 U.S. 98 (2000) supports subject matter jurisdiction for his claim, and provides a valid claim for relief. Plaintiff's arguments however, are unavailing. Contrary to Plaintiff's arguments, *Bush v. Gore* is distinguishable from the case at hand. In *Bush v. Gore*, the Supreme Court held that manual recounts ordered by the Florida Supreme Court violated the Equal Protection Clause. *Id*. at 122. There, the Supreme Court evaluated the constitutionality of the recount procedures ordered by the Florida Supreme Court. The Supreme Court did not consider the issues present in this case, the omission of a potential candidate from the ballot. Indeed, in *Bush v. Gore*, it could not have considered issues like these because the election process had not yet concluded. Here, Plaintiff never made a challenge in federal court until well after the election process had concluded.

For the foregoing reasons, Defendants' motion to dismiss is granted.